JOHN L. BURRIS Esq., CASBN 69888
BENJAMIN NISENBAUM, Esq., CASBN 222173
JAMES COOK Esq., CASBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
John.Burris@johnburrislaw.com
James.Cook@johnburrislaw.com
Attorneys for Plaintiff,
CHARLES HOUFF

IAN KELLEY CASBN 215393
PAUL ALAGA CASBN 221165
**BRYANT LAW GROUP**
885 Bryant Street, Second Floor
San Francisco, CA 94103
Telephone: (415) 581-0885
Facsimile: (415) 581-0887
ikelley@sflaw.net
paulalaga@sflaw.net
Attorneys for Plaintiff,
OLIVIA EDWARDS

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES HOUFF, individually, and as a successor-in-interest to Decedent AMELIAN HOUFF; OLIVIA EDWARDS, individually, and as a successor-in-interest to Decedent AMELIAN HOUFF,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, a municipal corporation; COUNTY OF SACRAMENTO, a municipal corporation; and DOES 1-50, inclusive, individually, jointly, and severally,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, the Fourteenth Amendments to the United States Constitution, and under the common law of California, for denial of medical care to Decedent Amelian Houff by City of Sacramento police officers, County of Sacramento sheriff's deputies, and unknown California Highway Patrol officers.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the County of Sacramento, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiffs' state law causes of action under 28 U.S.C. § 1367.

## PARTIES

3. Decedent AMELIAN HOUFF ("DECEDENT" or "HOUFF") was, prior to his death, a resident of California and a United States Citizen.

4. Plaintiff CHARLES HOUFF ("PLAINTIFFS" or "MR. HOUFF") has been and is a resident of California and a United States Citizen.

5. Plaintiff OLIVIA EDWARDS ("PLAINTIFFS" or "MS. EDWARDS") has been and is a resident of California and a United States Citizen.

6. Defendant CITY OF SACRAMENTO ("CITY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CITY OF SACRAMENTO Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CITY was the employer of Defendant CITY Police Officers, individually and in their official capacity.

7. Defendant COUNTY OF SACRAMENTO ("COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; at all times herein mentioned, Defendant COUNTY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY OF SACRAMENTO Sherriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of Defendant Sherriff's Deputies, individually and as Sherriff's Deputies.

8. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1-50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Decedent as set forth herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiffs are required to comply with an administrative tort claim requirement under California law. On December 14, 2021, Plaintiffs submitted a claim to the Clerks' Offices for the CITY OF SACRAMENTO. Plaintiffs have exhausted all administrative remedies pursuant to California Government Code § 910.

## FACTUAL ALLEGATIONS

10. The incident took place on August 29, 2021, at approximately 4:54 A.M. The location of the incident was near the intersection of Bradshaw Road and Elder Creek Road, Sacramento, CA 95829. City of Sacramento officers denied medical care to Amelian Tremond Houff after the vehicle HOUFF was driving collided with a tree, and prevented other responders – otherwise able and willing to provide medical care – from providing this care.

11. On the date of the incident, Houff and his two passengers drove away from the scene of an attempted burglary. Sacramento Police Officers initiated a high-speed pursuit. At approximately 4:54 a.m., HOUFF collided with a tree. HOUFF was gravely injured during the

crash. HOUFF was also pinned in the driver's seat to the vehicle. HOUFF began to shout to the officers to ask for help. At 5:06 a.m., officers heard HOUFF shouting from the car. However, the officers ignored HOUFF's pleas for help. Officers did not approach the vehicle and prevented EMS technicians from doing so. Instead, the officers detained HOUFF, and the other occupants of the vehicle and secluded them from the first responders who were on the scene to provide emergency medical care. Officers pointed their firearms at HOUFF and shouted at him to exit the car. Defendants have claimed in press releases they believed a gun may have been in the vehicle, however no weapon was ultimately recovered from the vehicle and that belief was merely speculation by the involved defendants. Defendants made no effort to ascertain if anyone in the vehicle was actually armed.

12. At 5:13 a.m., the officers could see that HOUFF was still in the car, unresponsive to PA commands, and possibly unconscious. Yet, they continued to give commands to HOUFF to exit the vehicle with his hands up. This continued until 5:37 a.m., when officers heard someone from the driver's side of the vehicle asking for help, and stating that there were injured people in the car. Still, the officers did not render aid. The officers continued to prevent paramedics from approaching HOUFF.

13. At 5:53 a.m., officers noted that the occupants to the vehicle were likely trapped inside. Officers then commanded HOUFF to call 911. At 6:26 a.m., officers deployed a drone to view the vehicle.

14. A full hour later - at 7:26 a.m. - the officers approached the vehicle, where HOUFF was still pinned. However, by then it was too late, HOUFF had succumbed to his injuries and was pronounced dead at 7:31 a.m., almost three hours after the initial crash.

15. As a result of this incident, Amelian Houff's survivable life-threatening injuries went untreated and he died at the scene.

## DAMAGES

16. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent AMELIAN HOUFF's wrongful death, including,

but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

17. Plaintiffs are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

18. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs are further entitled to recover for damages incurred by decedent before he died as the result of suffering from emotional distress, for deprivation without due process of Decedent's right to life, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Plaintiffs are further entitled to recover for Decedent's own pain and suffering and emotional distress incurred as a consequence of Defendants' violations preceding Decedent's death.

19. The conduct of the Defendant officers and deputies was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual Defendants.

20. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code Section 1988.

**FIRST CAUSE OF ACTION**
**(Violation of the Fourth Amendment of the United States Constitution – Unreasonable Seizure)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS Against Defendants CITY, COUNTY, and DOES 1-50)**

21. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 20 of this Complaint.

22. Defendants acted under color of law when they held HOUFF at gun point, and denied him medical care without lawful justification, thereby depriving Plaintiffs and the decedent of certain constitutionally protected rights, including, but not limited to:

    a. The right to be free from Unreasonable Seizures by defendants unreasonably withholding needed, life-saving medical care from HOUFF while they detained him;

23. HOUFF remained pinned in his vehicle for almost three hours. During this time, HOUFF called out for medical help. HOUFF was gravely injured and not at risk of fleeing. He was also not a threat to officers. Officers knew that HOUFF was injured, noting that HOUFF was likely pinned in the vehicle, as he cried out for help. However, instead of helping HOUFF, the officers held him at gunpoint. This is an objectively unreasonable detention and use force to effect the detention, given that HOUFF was in no way a threat to the officers. Further, the officers prevented anybody from approaching HOUFF's vehicle for multiple hours, including any paramedics or medical personnel. Due to the officers' unreasonable methods to detain him, HOUFF suffered for multiple hours as he died from a lack of medical attention. The officers' unreasonable seizure in failing to reasonably provide obviously needed medical care during the course of effecting HOUFF'S arrest or detention, proximately caused HOUFF'S death, in violation of his rights under 4th amendment.

   WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Violation of the Fourteenth Amendment of the United States Constitution – Denial of Medical Treatment)**
**(42 U.S.C. § 1983)**
**(PLAINTIFFS Against Defendants CITY, COUNTY, and DOES 1-50)**

24. Plaintiffs re-allege and incorporates by reference paragraphs 1 through 23 of this Complaint.

25. As set forth above, DECEDENT was subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and County of

Sacramento, which rights include, but are not limited to, privileges and immunities secured to DECEDENT by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants violated the constitutional rights and liberty interests of HOUFF. Defendants knew or should have known that failure to provide timely medical treatment to HOUFF could result in further significant injury or the unnecessary and wanton infliction of pain, but were deliberately indifferent to HOUFF's serious medical needs, leading to HOUFF'S death. The conduct of Defendants was willful, wanton, malicious, and done with reckless disregard for the rights and safety of the Decedent.

26. Defendants, including COUNTY OF SACRAMENTO deputies, CITY OF SACRAMENTO officers and DOES 1-50, knew or had reason to know that HOUFF was in need of medical treatment as a result of his car crash during a high-speed pursuit by authorities. HOUFF repeatedly yelled for help after crashing into a tree. Yet, Defendants intentionally failed to seek proper medical treatment required to treat HOUFF'S injuries. CITY OF SACRAMENTO officers and COUNTY OF SACRAMENTO deputies knew or should have known HOUFF sustained life-threatening injuries requiring medical attention. However, CITY OF SACRAMENTO officers and COUNTY OF SACRAMENTO deputies refused to treat DECEDENT. Additionally, Plaintiffs allege on information and belief that CITY OF SACRAMENTO and COUNTY OF SACRAMENTO failed to properly hire and train staff to identify subjects in need of immediate emergency medical care requiring immediate medical attention. CITY OF SACRAMENTO and COUNTY OF SACRAMENTO personnel knew, or should have known, HOUFF required urgent medical treatment. However, said defendants only approached the vehicle after HOUFF died, after waiting for hours.

27. As a result, HOUFF died and experienced extreme prolonged pain and suffering.
WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**(Fourteenth Amendment violations of Plaintiffs' civil rights to Familial Relationship)**
**(42 U.S.C. §1983)**
**(PLAINIFFS Against Defendants CITY, COUNTY, and DOES 1-50)**

28. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 27 of this Complaint.

29. Defendants acting under color of law, and without due process of law, deprived Plaintiffs of their right to a familial relationship with Decedent through unreasonable, unjustified denial of medical care, which resulted in decedent's suffering and death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. Defendants acted maliciously with an intent to harm Decedent AMELIAN HOUFF unrelated to legitimate law enforcement purposes in killing Decedent, given all of the options available to defendants, while Decedent suffered for almost three hours prior to his death.

30. Defendants, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with Decedent by their deliberate indifference to Decedent's serious medical needs and their prevention of others from rendering aid, in violation of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as herein set forth.

### FOURTH CAUSE OF ACTION
**(Wrongful Death - Government Code Section 815.2(a))**
**(PLAINTIFFS Against Defendants CITY, COUNTY, and DOES 1-50)**

31. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 30 of this Complaint.

32. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs and Decedent to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendants are directly and vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

33. As a proximate result of Defendants' conduct as set forth herein, Plaintiffs suffered severe emotional and mental distress, injury having a traumatic effect on Plaintiffs'

emotional tranquility, loss of care, comfort, society, familial support, financial support, and damages. Plaintiffs are entitled to recover wrongful death damages.

WHEREFORE, Plaintiffs pray for relief as herein set forth.

### FIFTH CAUSE OF ACTION
### (Negligence)
### (PLAINTIFFS Against Defendants CITY, COUNTY, and DOES 1-50)

34. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 33 of this Complaint.

35. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of that Code, as public employees, Defendant DOES 1-50 are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOES 1-50 were acting within the course and scope of their employment and/or agency with Defendant CITY. As such, Defendant CITY is liable in respondent superior for the injuries caused by the acts and omissions of Defendant DOES 1-50 pursuant to section 815.2 of the California Government Code.

36. Defendant Officers had a duty to use reasonable judgement while interacting with HOUFF. However, CITY officers breached their duty by ignoring HOUFF'S need for medical attention to injuries he sustained following a pursuit initiated by CITY OF SACRAMENTO police. DECEDENT died on the scene as a proximate and direct cause of the Defendant's negligent conduct.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1. For general damages according to proof;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages and exemplary damages in amounts to be determined according to proof as to defendants CITY, and DOES 1-50 and/or each of them;

4. Any and all permissible statutory damages;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: July 1, 2022             **Law Offices of John L. Burris**

/s/ *John L. Burris*
John L. Burris
Benjamin Nisenbaum
James Cook
Attorneys for Plaintiff
Charles Houff


Bryant Law Group

/S/ IAN KELLEY

Paul Alaga
Ian Kelley
Attorneys for Plaintiff
Olivia Edwards