1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

CHARLES HOUFF, et al.,

12

Plaintiffs,

13

v.

14

CITY OF SACRAMENTO, et al.,

15

Defendants.

16

17

18

19

No. 2:22-cv-01150-DC-JDP

ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' REQUESTS TO SEAL DOCUMENTS FILED IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' OPPOSITIONS TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

(Doc. Nos. 67, 72, 79, 86)

20        On December 16, 2024, Plaintiffs filed a notice of their request to file under seal

21  documents relating to their motion for summary judgment. (Doc. No. 67.) Specifically, Plaintiffs

22  seek to file unredacted versions of the following documents under seal:

23        1.    Plaintiffs' motion for summary judgment (Doc No. 68);

24        2.    Plaintiffs' statement of undisputed facts in support of Plaintiffs' motion for

25              summary judgment (Doc. No. 68-1);

26        3.    Exhibit A to the declaration of Ben Nisenbaum in support of Plaintiffs' motion for

27              summary judgment (Doc. No. 69-1); and

28        4.    Exhibit W to the declaration of Ben Nisenbaum in support of Plaintiffs' motion for

1

1    summary judgment (Doc. No. 69-23).

2    On December 20, 2024, Defendant Brian Ellis filed a joinder to Plaintiffs' request to file

3    those documents under seal. (Doc. No. 72.)

4    On January 29, 2025, Plaintiffs filed a request to file under seal documents relating to

5    their opposition to Defendants' separate motions for summary judgment. (Doc. No. 79.)

6    Specifically, Plaintiffs seek to file unredacted versions[1] of the following documents under seal:

7        1.    Plaintiffs' opposition to Defendants City of Sacramento, Mitchell Barrett, and

8               Michael Frazer's motion for summary judgment, and Plaintiffs' reply brief in

9               support of Plaintiffs' motion for summary judgment (Doc. No. 82);

10       2.    Plaintiffs' opposition to Defendant Brian Ellis' motion for summary judgment and

11              reply brief in support of Plaintiffs' motion for summary judgment (Doc. No. 80);

12       3.    Plaintiffs' opposition to Defendants County of Sacramento, Jim Spurgeon, and

13              Michael Dennis' motion for summary judgment and reply brief in support of

14              Plaintiffs' motion for summary judgment (Doc. No. 81);

15       4.    Plaintiffs' response to Defendants City of Sacramento, Mitchell Barrett, and

16              Michael Frazer's separate statement of undisputed facts in support of motion for

17              summary judgment (Doc. No. 82-1);

18       5.    Plaintiffs' response to Defendants County of Sacramento, James Spurgeon, and

19              Michael Daniels' separate statement of undisputed facts in support of motion for

20              summary judgment (Doc. No. 81-1);

21       6.    Plaintiffs' response to Defendant Brian Ellis' separate statement of undisputed

22              facts in support of motion for summary judgment (Doc. No. 80-1);

23       7.    Exhibit A to the declaration of Ian Kelley filed in support of Plaintiffs' oppositions

24              to Defendants' motions for summary judgment (Doc. No. 83-1); and

25       8.    Exhibit C to the declaration of Ian Kelley filed in support of Plaintiffs' oppositions

26              to Defendants' motions for summary judgment (Doc. No. 83-3).

27

28

---

[1] Plaintiffs have already filed redacted versions of all documents on the public docket contrary to Local Rule 140(b).

2

1    On January 30, 2025, Defendant Brian Ellis filed a joinder to Plaintiffs' second request to

2   file those documents under seal. (Doc. No. 86.)

3    None of the Defendants has submitted an opposition to either of Plaintiffs' requests to

4   seal. For the reasons explained below, the court will deny Plaintiffs' requests to file under seal

5   without prejudice.

6    The court recognizes that all documents filed with the court are presumptively public. *San*

7   *Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-

8   established that the fruits of pretrial discovery are, in the absence of a court order to the contrary,

9   presumptively public."). However, courts may permit a party to file under seal documents, such

10  as briefing in support of (or in opposition to) motions for summary judgment and exhibits thereto,

11  where that party shows "compelling reasons" to support maintaining secrecy of those documents.

12  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Ctr. for Auto Safety*

13  *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (applying "compelling reasons"

14  standard to motions that are "more than tangentially related to the merits"). "In general,

15  'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files

16  might . . . become a vehicle for improper purposes,' such as the use of records to gratify private

17  spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*,

18  447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

19  "The mere fact that the production of records may lead to a litigant's embarrassment,

20  incrimination, or exposure to further litigation will not, without more, compel the court to seal its

21  records." *Id.*

22   Here, Plaintiffs request that the subject documents be filed under seal because they have

23  been deemed confidential pursuant to a stipulated protective order agreed to by the parties and

24  signed by the assigned magistrate judge. (Doc. No. 73.) But a party seeking to file under seal

25  documents relating to a motion for summary judgment must show compelling reasons for the

26  documents to be sealed, regardless of whether they are the subject of a stipulated protective order.

27  *Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the

28  dispositive motion, or its attachments, were previously filed under seal or protective order.").

3

1   Additionally, both the Eastern District Local Rules and this court's Standing Order in Civil

2   Actions make clear that a stipulated protective order does not govern the filing of sealed or

3   redacted documents on the public docket. E.D. Cal. R. 141(a) ("To ensure that documents are

4   properly sealed, specific requests to seal must be made even if an existing protective order,

5   statute, or rule requires or permits the sealing of the document."); (Doc. No. 63-1 at 4)

6   ("Protective orders covering the discovery phase shall not govern the filing of sealed or redacted

7   documents on the public docket.")). Plaintiffs' argument that the unredacted documents should be

8   sealed merely because they are the subject of a stipulated protective order is contrary to law, the

9   Eastern District Local Rules, and this court's Civil Standing Order. Thus, the court finds that

10  Plaintiffs have failed to provide a compelling reason why the unredacted documents should be

11  filed under seal.[2]

12      Accordingly,

13      1.    Plaintiffs' requests to seal (Doc. Nos. 67, 79), as joined by Defendant Ellis (Doc.

14            Nos. 72, 86), are DENIED without prejudice;

15      2.    If any party, wishes to have any of the documents referenced in Plaintiffs' requests

16            (Doc. No. 67, 79) filed under seal or redacted, that party shall file a request to seal

17            or redact pursuant to Local Rules 140 and 141, within fourteen (14) days of the

18            date of entry of this order; and

19  /////

20  /////

21  /////

22

23  [2] The court notes that in his joinders, Defendant Ellis argues that the subject documents relate to "an internal affairs report subject to Ellis' privacy rights" and therefore should be sealed. (Doc.

24  Nos. 72, 86.) However, Defendant Ellis does not cite any authority in support of this argument. Notably, courts do not typically permit filing of internal affairs investigations documents under

25  seal. *Macias v. Cleaver*, No. 1:13-cv-01819-BAM, 2016 WL 3549257, at *4 (E.D. Cal. Jun. 30, 2016) (citing *Welsh v. City & Cnty. of San Francisco*, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995)

26  (denying request to seal internal affairs report and explaining that "where the case involves allegations of police misconduct, the public has a vested interest 'in assessing the truthfulness of

27  the allegations of official misconduct, and whether agencies that are responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely.'") (citation omitted)).

28

4

1    3.    If no request to seal is filed within fourteen (14) days of this order, the court will

2    require Plaintiffs to file unredacted versions of the referenced documents on the

3    public docket.

4

5

6    IT IS SO ORDERED.

7    Dated:    **October 30, 2025**    _____

8    Dena Coggins
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5